UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LAU,<br><br>        Plaintiff,<br><br>     v.<br><br>ALEJANDRO MAYORKAS,<br><br>        Defendant. | Case No. 21-cv-04756-TLT (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 133, 134, 135, 136, 137, 139, 140, 141, 142, 143, 144, 145, 146 |

Plaintiff has filed 13 motions to quash. ECF Nos. 133-37, 139-46. He filed all of them in violation of the undersigned's Discovery Standing Order, which says: "Upon referral from a District Judge or upon the development of an impasse with respect to discovery in a pending case assigned to Judge Hixson, <u>no motions to compel or other motions shall be considered.</u> Instead, the parties must first meet and confer in a good faith effort to resolve their dispute informally. An exchange of written communications does not satisfy the meet and confer requirement." Following a meet and confer, if the parties are unable to resolve their dispute, they may either request a telephonic conference or file a joint discovery letter brief not to exceed five pages. For the letter brief, the parties must attest that they met and conferred in good faith to resolve their disputes.

All of these motions violate the prohibition on discovery motions. In addition, in none of the motions to quash does Plaintiff attest that he met and conferred with Defendant, and for 12 of them, the Court sees no indication that any meeting and conferring happened. In ECF No. 135, Plaintiff says that he communicated to Defendant his unavailability for a deposition on September 11, 2024, and that he needed an accommodation under the ADA, so there was at least some meeting and conferring with respect to that motion. However, the undersigned's Discovery

Standing Order says that an exchange of written communications does not satisfy the meet and confer requirement, and there is no indication that Plaintiff spoke with defense counsel about his deposition.  Plaintiff is wholesale dumping discovery disputes on the Court without making any effort (in most cases) or a sufficient effort (in one case) to resolve them.  That's not acceptable.  He also needs to raise his discovery disputes in the proper way – either in a telephone conference for straightforward disputes or in a joint discovery letter brief for more complicated disputes.

In response to Plaintiff's motions, Defendant agrees to withdraw the subpoenas at issue in ECF Nos. 134 & 139-46.  ECF No. 152 at 7.  Accordingly, the Court **DENIES** the motions in ECF Nos. 134 & 139-46 as moot.  The Court **DENIES** the motions at ECF Nos. 133, 135, 136 and 137 for failure to adequately meet and confer and failure to comply with the undersigned's Discovery Standing Order.

**IT IS SO ORDERED.**

Dated: August 27, 2024

THOMAS S. HIXSON
United States Magistrate Judge

2