UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LAU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ALEJANDRO MAYORKAS,<br><br>　　　　Defendant. | Case No. 21-cv-04756-TLT   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 158, 159 |

  Well, this isn't good. Fact discovery closes on September 12, 2024 (ECF No. 127), which is next Thursday. Defendant served a deposition notice on Plaintiff on August 5, 2024, noticing the deposition for September 11, 2024. The notice was certainly timely, as it was more than a month before the close of fact discovery. Six days after receiving the deposition notice, Plaintiff moved to quash, saying he was unavailable on September 11, 2024. ECF No. 135. This kind of running into Court without adequately meeting and conferring in a live conversation is exactly why the Court denied Plaintiff's slew of motions to quash. ECF No. 155. If the one specific day the Defendant proposed for the deposition didn't work, the parties are supposed to discuss other possible days. Following the denial of Plaintiff's motions to quash, the parties finally had a telephonic meet and confer call on August 30, 2024, during which Plaintiff stated that he was unavailable every single day through the close of fact discovery for a deposition. ECF No. 159 (meet and confer summary written by Defendant but provided to the Court by Plaintiff, who didn't say it was inaccurate).

  Defendant now moves to compel Plaintiff's deposition. Plaintiff's response states that he is unavailable on September 11, citing prior commitments, including medical appointments. Plaintiff's response cryptically says that Defendant "has been informed during Meet and Confer

call, that the Plaintiff is unavailable between September 9 and September 13, 2024" – which at this point is the rest of fact discovery – "and the reasons why." ECF No. 159 at 2.  Plaintiff doesn't tell the Court the reasons why.  There is a suggestion that he might be trying to find a lawyer to represent him at his deposition.  The Court would ordinarily be sympathetic to such a concern, but Plaintiff's previous counsel were granted leave to withdraw about four months ago (ECF No. 99), so Plaintiff has had plenty of time to try to find a new lawyer.  At this point, fact discovery is almost over, and Plaintiff has to show up for his deposition.  The only specific day for which Plaintiff has offered a good reason why he is not available is September 11, so the Court won't set his deposition for then.

Accordingly, Defendant's motion to compel is **GRANTED**, and the Court **ORDERS** Plaintiff to be deposed on September 12, 2024.

**IT IS SO ORDERED.**

Dated: September 6, 2024

THOMAS S. HIXSON
United States Magistrate Judge