UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LAU,<br><br>            Plaintiff,<br><br>    v.<br><br>ALEJANDRO MAYORKAS,<br><br>            Defendant. | Case No.  21-cv-04756-TLT   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 156, 160 |

The Court addresses ECF Nos. 156 and 160.

**A.     ECF No. 156**

This document looks like it is a combination of things. The first three paragraphs look like a motion for relief from a nondispositive pretrial order of a magistrate judge under Civil Local Rule 72-2. Plaintiff says: "Plaintiff wanted to quash subpoenas for illegally obtained information through illegal and unlawful use of the National Crime Information Center (NCIC). . . Judge's order was to reject the Plaintiff's motion to quash. Thus, the Plaintiff has requested the relevant authorities investigating this illegal and unlawful breach of abuse of power by the Defendant and DOJ to bring this breach of law to Judge Thompson's attention, directly." The undersigned thinks that portion of the document is a motion for relief from the discovery order at ECF No. 155. Accordingly, that issue is not for the undersigned to address.

The fourth paragraph ends with a request: "I respectfully ask the court to be able to file motion to quash two subpoenas – one involving San Francisco Recreational and Parks and another one San Francisco PD, since they are both using illegally obtained information." The request for permission to file a motion to quash in the first instance does not seem like a motion for relief from a discovery order, so the undersigned can rule on that. Defendant agrees the parties met and

1  conferred about those two subpoenas in a live conversation on August 30, 2024 (ECF No. 157 at
2  2), so the meet and confer requirement has been satisfied.  Accordingly, the Plaintiff may file a
3  joint discovery letter brief seeking to quash those subpoenas, provided that he does so by the
4  deadline in Civil Local Rule 37-3.
5        The fifth paragraph says:

> On the 30th of August, 2024, the Defendant and Plaintiff engaged in a meeting to discuss various matters. During this meeting, the Plaintiff requested that the Defendant and Plaintiff, jointly submit a collaborative statement to be presented before Judge Hixson to address the many unresolved issues at hand. Unfortunately, the Defendant refused to oblige and instead suggested that the Plaintiff take the initiative of preparing and filing the statement independently.

10  Defendant claims not to understand what this is referring to.  ECF No. 157 at 3 n.2.  The Court
11  therefore reiterates its previous guidance that the parties must meet and confer in a live
12  conversation before raising discovery disputes with the Court.  Once they have satisfied the meet
13  and confer requirement, they shall promptly bring any unresolved disputes to the Court's attention
14  in one or more joint discovery letter briefs by the deadline in Civil Local Rule 37-3.  The Court
15  orders the parties to work cooperatively in drafting those joint discovery letter briefs.
16        The sixth paragraph accuses the Defendant of a grave abuse of power, says Plaintiff
17  requested that Defendant divulge details surrounding the acquisition of the police incident report,
18  and that when Defendant declined to do so, Plaintiff issued "an investigative report against the
19  Defendant for their egregious misconduct."  Plaintiff says he "is seeking a court order to compel
20  the Defendant to furnish information in relation to the acquisition of the report, which, as it stands,
21  violates several laws."  This again does not seem like part of the motion for relief from a discovery
22  order, but a request for a new discovery order in the first instance.  The Court finds that this
23  motion to compel lacks a sufficient basis and **DENIES** it.
24        The seventh, eighth and ninth paragraphs look like a status update.  The tenth paragraph
25  includes a status update but also contains a request for more time for Plaintiff to complete his
26  interrogatory responses in case he is unable to finish by September 12, 2024.  Per ECF No. 127,
27  September 12, 2024 is the close of fact discovery.  Any request to alter the case schedule must be
28  directed to Judge Thompson.

The eleventh, twelfth and thirteenth paragraphs look like complaints about Defendant's document productions, culminating in a request to file a motion to compel "[i]n the event that the Defendant continues to withhold important documents." The Court reiterates that the parties must have a live meet and confer before raising discovery disputes with the Court. Once they have satisfied the meet and confer requirement, they may raise any unresolved disputes by filing one or more joint discovery letter briefs no later than the deadline in Civil Local Rule 37-3.

B.   **ECF No. 160**

This document looks like part of Plaintiff's General Order 71 disclosures that he has filed on the docket instead of just serving it on the Defendant. Accordingly, no action by the Court is needed with respect to this filing.

**IT IS SO ORDERED.**

Dated: September 9, 2024

THOMAS S. HIXSON
United States Magistrate Judge